UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHARINE ARCHER** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NUMBER: 21-cv-01079** |
| | * | |
| **VERSUS** | * | **SECTION "T"** |
| | * | **JUDGE GUIDRY** |
| | * | |
| **CITY OF NEW ORLEANS, et. al.,** | * | **MAGISTRATE "5"** |
| **Defendants** | * | **JUDGE NORTH** |

**************************************

## MEMORANDUM IN SUPPORT OF CONSOLIDATION FOR DISCOVERY

NOW INTO COURT, through undersigned counsel, comes the City Defendants, who respectfully submit this memorandum in support of consolidation, *for discovery purposes only,* as follows:

## INTRODUCTION

City Defendants submit that there are two cases pending before the Eastern District of Louisiana arising from the events surrounding the protest on the Crescent City Connection on June 3, 2020. In the initial lawsuit, Plaintiffs Remingtyn Williams, Lauren Chustz, and Bilal Ali-Bey filed a class action lawsuit on May 6, 2021 against New Orleans Police Department ("NOPD") Superintendent Ferguson, Louisiana State Police Superintendent Lamar A. Davis, and Jefferson Parish Sheriff Joseph Lopinto in their official capacities. This lawsuit also named forty (40) NOPD officers in their individual capacities and is currently pending before Judge Guidry. *Remingtyn Williams, et. al. v. Shaun Ferguson, et. al*., E.D. La. 21-cv-0852. On June 3, 2021, a second lawsuit was initiated. Katharine Archer filed her Complaint against the City of New Orleans, Mayor Latoya Cantrell, NOPD Superintendent Shaun Ferguson, and twelve (12) NOPD officers. This lawsuit names these Defendants in both their individual and official capacities and was pending

1

before Judge Fallon. *Katharine Archer v. City of New Orleans, et. al.,* E.D. La 21-cv-1079.

These two separate, but similar actions, were assigned to two sections of this Court. Both lawsuits: 1) are in the initial phases of litigation as pre-trial discovery has not begun; 2) involve identical legal questions regarding the Fourth and Fourteenth Amendments, including qualified immunity, excessive force, and municipal liability; 3) name the same Defendants; and 4) arise from the same incident, the June 3, 2020 protest on the Crescent City Connection.

On September 15, 2021, Judge Fallon requested that parties in *Archer* submit letters to the Court regarding possible transfer of the *Archer* case to Judge Guidry for consolidation with the *Williams* case. *Archer* Order, Rec. Doc. 23. Undersigned counsel asserted that transfer and consolidation for the limited purpose of discovery was necessary for the reasons stated here. *See also* City Defendants' letter to the Court attached as Exhibit 1. Counsel for Ms. Archer opposed transfer and consolidation for the reasons articulated in Plaintiff's letter to the Court attached as Exhibit 2. On September 21, 2021, Judge Fallon issued an Order transferring the *Archer* lawsuit to Judge Guidry stating the transfer was "for the limited purpose of presiding over discovery common to both cases and adjudicating all motions filed before the close of common discovery." *Archer* Order, Rec. Doc. 24, attached hereto as Exhibit 3.

The current status of the *Archer* and *Williams* is as follows:

- In *Williams*, the Louisiana State Police and Jefferson Parish Sheriff filed Rule 12 motions to dismiss, which are currently pending. *Williams*, Rec. Doc. 20 & Rec. Doc. 34. The Louisiana State Police also filed a motion to stay discovery, which is also currently pending. *Williams*, Rec. Doc. 62.

- In *Archer*, there are no pending motions to dismiss or impediments to the commencement of discovery other than this *motion to consolidate*. The Court set

a scheduling conference for March 2, 2022. During this conference, counsel for Ms. Archer and undersigned counsel discussed Judge Fallon's Order transferring *Archer* to this Court for the limited purpose of presiding over the discovery common to *Archer* and *Williams* and adjudicating all motions filed before the close of common discovery. The case manager suggested that a formal motion to consolidate the cases for discovery purposes was needed and set a trial date in *Archer* for November 28, 2022. *Archer*, Rec. Doc. 30.

After the telephone call with the case manager, Ms. Archer's counsel and undersigned counsel discussed the scheduling order as well as Judge Fallon's September 21, 2021 Order. *Archer* Order, Rec. Doc. 24. Counsel for Ms. Archer indicated that, though having opposed the transfer of Ms. Archer's case for consolidation with *Williams* for the reasons contained in Plaintiff's letter to Judge Fallon attached as Exhibit 2, counsel recognizes that Judge Fallon's Order has already been entered directing the transfer of *Archer* for consolidation with *Williams* for discovery purposes only. Plaintiff's counsel therefore has no opposition to further orders regarding consolidation of *Archer* with *Williams* for discovery purposes only.

## **ANALYSIS**

Fed. R. Civ. P. 42(a) provides that actions may be consolidated, for discovery purposes, if the actions have a common question of law or fact. District courts enjoy substantial discretion in deciding whether and to what extend to consolidate cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In assessing whether consolidation is appropriate, a court should consider equity and judicial economy. *Miller v. United States Postal Service*, 729 F. 2d 1033, 1036 (5th Cir. 1984). However, consolidation is improper if it would prejudice the rights of the parties. *St. Bernard Gen.*

*Hosp., Inc. v. Hosp. Serv., Ass'n,* 712 F. 2d 978, 989 (5th Cir. 1983) (citing *Dupont v. Southern Pacific Railroad Co.,* 366 F.2d 193, 195-96 (5th Cir. 1966)).

City Defendants believe it is appropriate to consolidate the two cases, for purposes of pretrial discovery only.  The common and overlapping issues in the cases, both factual and legal, are patent and obvious.  Both cases arise from the events surrounding protest on the Crescent City Connection on June 3, 2020 and allege Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 including excessive force, failure to train, supervise, disciple, and *Monell* liability, etc.  Necessarily, discovery in the two cases will involve the same information and documents, as well as depositions of the same people.  Additionally, the anticipated Rule 30(b)(6) witness designations for the City/NOPD will likely be composed of the same individuals.

Consolidation of discovery in the two cases will conserve judicial resources and avoid the risk of inconsistent rulings on certain matters, such as claims of privilege and/or confidentiality, and reduce the parties' expenses by avoiding duplicative discovery, such as duplicative depositions.  At the same time, there is no conceivable prejudice or confusion that would result from consolidation for purposes of pretrial discovery. To the contrary, consolidation will avoid unnecessary prejudice and confusion by making it clear that each party/witness can only be deposed once, covering all issues in the related cases.  Furthermore, both cases are in the initial stages of litigation and no pre-trial discovery has been conducted in either case provide additional support for consolidation.  Finally, consolidation of the cases for the limited purpose of discovery is appropriate given that counsel for Ms. Archer does not oppose further orders implementing consolidation for discovery purposes, only in light of Judge Fallon's September 21, 2021 Order.

**WHEREFORE,** City Defendants respectfully requests that the *Williams* and *Archer* cases be consolidated, ***for discovery only***.  Further, the trial and discovery deadlines set forth in the

Scheduling Order be continued until the discovery can be scheduled and conducted contemporaneously in both cases. *Archer*, Rec. Doc. 30.

> Respectfully submitted,
>
>     */s/ Renee Goudeau*
> **RENEE GOUDEAU, LSB #33157**
> ASSISTANT CITY ATTORNEY
> REGOUDEAU@NOLA.GOV
> **MARK DANIEL MACNAMARA, LSB #24532**
> ASSISTANT CITY ATTORNEY
> DMACNAMARA@NOLA.GOV
> **CORWIN ST. RAYMOND, LSB # 31330**
> DEPUTY CITY ATTORNEY
> CMSTRAYMOND@NOLA.GOV
> **CHURITA H. HANSELL, LSB # 25694**
> CHIEF DEPUTY CITY ATTORNEY
> CHHANSELL@NOLA.GOV
> **DONESIA TURNER, LSB # 23338**
> CITY ATTORNEY
> 1300 PERDIDO STREET
> CITY HALL - ROOM 5E03
> NEW ORLEANS, LOUISIANA 70112
> TELEPHONE: (504) 658-9800
> FACSIMILE: (504) 658-9868
>
> *Counsel for City Defendants*